UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

Nº 11-cv-1785 (JFB) (ARL)

———————————

BOARD OF TRUSTEES OF THE LOCAL 50 PENSION FUND,

Plaintiff,

VERSUS

ZUCKER AND CO., INC.,

Defendant.

———————————

**MEMORANDUM AND ORDER**
June 19, 2012

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Board of Trustees of the Local 50 Pension Fund ("the Fund") commenced this action against Zucker and Co., Inc. ("Zucker" or "defendant"), seeking the payment of withdrawal liability and interim withdrawal liability payments pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

The plaintiff now moves for summary judgment with respect to interim withdrawal liability payments, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants plaintiff's motion for summary judgment.

I. BACKGROUND

A. Factual Background

The Court has taken the facts set forth below from the parties' affirmations and exhibits.[1] Upon consideration of a motion

---

[1] The Court notes that neither party filed a statement of material facts pursuant to Local Civil Rule 56.1. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 U.S. Dist. LEXIS 23397, at *4-5 (E.D.N.Y. Apr. 25, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). Here, the evidentiary basis for the plaintiff's motion is straightforward and clear, rendering the need for a Rule 56.1 statement unnecessary for defendant to respond to the motion, or for the Court to consider the motion. Accordingly, in the exercise of its broad discretion, the Court will overlook this defect and will deem admitted only those facts that are supported by admissible evidence and not

for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005).

The Fund is a jointly administered, multiemployer, labor management trust fund established and maintained pursuant to Collective Bargaining Agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). (Leventis Declaration ("Leventis Decl.") ¶ 3.) The Fund is also an employee pension benefit plan, as defined by ERISA. (*Id.* ¶ 4.) As of November 25, 2008, the Fund has been in a mass withdrawal as defined by ERISA. (*Id.*¶ 5.) As a result of the mass withdrawal, the Fund notified all of the employers contributing to the Fund that the Fund had experienced a mass withdrawal as of November 25, 2008, and that employers were no longer required to make monthly contributions to the Fund on or after November 25, 2008; defendant, an employer contributing to the Fund, was notified of the mass withdrawal on January 26, 2009. (*Id.* ¶¶ 6-7; Amended Complaint ("Am. Compl.") Ex. A, Letter Dated January 26, 2009.)

On May 13, 2009, the Fund notified the defendant that defendant had completely withdrawn from the Fund and defendant was subject to the payment of withdrawal liability. (Leventis Decl. ¶ 8; Am. Compl. Ex. B, Letter Dated May 13, 2009.) On June 16, 2009, the Fund notified defendant that defendant was subject to redetermination liability, which did not change the quarterly withdrawal liability amounts owed by defendant, but the payments owed under the initial demand for withdrawal liability then became infinite. (Leventis Decl. ¶ 8; Am. Compl. Ex. C, Letter dated June 16, 2009.) The Fund did not receive payment from defendant, and in November 17, 2009, the Fund notified defendant that it was in default of its obligation to pay withdrawal liability to the Fund, and that the defendant had sixty days to cure its failure to pay. (Leventis Decl. ¶ 10; Am. Compl. Ex. D, Letter Dated November 17, 2009.) On March 12, 2010, the Fund informed defendant that it was in default of its obligation to pay withdrawal liability and the Fund required immediate payment of $320,674.97, which included accrued interest. (Leventis Decl. ¶ 12; Am. Compl. Ex. E, Letter Dated March 12, 2010.)

The Fund never received payment as described in the March 12, 2010 letter, and, according to plaintiff, that amount is still due and owing to the Fund. (Leventis Decl. ¶ 14.)

B.  Procedural Background

The complaint in this action was filed on April 12, 2011. In light of ongoing settlement discussions, defendant's time to answer the complaint was extended on four occasions. Defendant answered the complaint on August 19, 2011. Plaintiff moved for summary judgment on December 29, 2011, seeking the full amount of withdrawal liability and interim withdrawal liability payments. On February 3, 2012, defendant opposed plaintiff's motion on the ground that defendant was entitled to arbitrate its dispute over withdrawal liability, and that plaintiff's counsel had

---

controverted by other admissible evidence in the record. *See Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003). Thus, in the instant case, although the parties failed to submit Local Rule 56.1 statements, the Court has carefully reviewed the evidence submitted in this action and has determined that plaintiff has set forth detailed evidence fully supporting its claim, and defendant has failed to submit any evidence to demonstrate the existence of any genuine issues of material fact in dispute.

agreed to an indefinite extension of defendant's time to arbitrate the request. (Def.'s Opp. at 5-8; Def.'s Ex. D, Letter Signed by Plaintiff's Counsel Dated April 4, 2011.) Defendant also opposed the motion for interim liability payments on the ground that plaintiff had not sought this relief in its complaint. Plaintiff filed a reply on February 24, 2012.

On March 19, 2012, the Court held oral argument on plaintiff's motion for summary judgment. At the oral argument, the Court denied plaintiff's motion for summary judgment on the issue of withdrawal liability in light of the defendant's extension of time to arbitrate the dispute that had been granted by plaintiff. The Court reserved decision on the issue of interim withdrawal liability, and ordered the plaintiff to file an amended complaint including this claim by April 9, 2012. The Court also directed plaintiff to indicate to defendant whether it would continue to honor the indefinite extension of time to arbitrate by April 9, 2012. The Court then set a schedule for additional briefing on the issue of interim withdrawal liability.

On April 5, 2012, plaintiff filed an amended complaint and a letter indicating that plaintiff rejected defendant's indefinite extension of time to arbitrate and requested that defendant initiate arbitration proceedings. On May 10, 2012, defendant filed an answer to the amended complaint and an affidavit of Charles Zucker, defendant's owner, in opposition to the motion for summary judgment with respect to interim withdrawal liability. On May 21, 2012, plaintiff's counsel filed a declaration in reply to defendant's opposition to summary judgment. The Court held oral argument on June 14, 2012, where the parties confirmed that they had initiated the arbitration process with respect to withdrawal liability. The Court has fully considered all of the submissions and arguments of the parties.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

### III. DISCUSSION

Under 29 U.S.C. § 1401(d), "[p]ayments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination." 29 U.S.C. § 1401(d); *see also Burke v. MFC Const. Co.*, No. 04-CV-308A, 2007 WL 602238, at *4 (W.D.N.Y. Feb. 20, 2007) ("Section 4221(d) of ERISA, 29 U.S.C. § 1401(d), requires an employer who has sought arbitration of its withdrawal liability to make interim payments pursuant to the schedule contained in the plan until the arbitrator has entered his or her decision.").

Thus, it is well-settled that the Court has the power to impose interim liability payments. Here, as confirmed at oral argument, counsel for defendant conceded that the Court has such legal authority, and defendant does not dispute the amount sought by the plaintiff for the interim payments. Accordingly, pursuant to Section 1401(d), the Court concludes that plaintiff is entitled to the interim payments while the arbitration is pending.[2] In sum, the Court

---

[2] Although conceding that it is not a legal defense to the obligation to make interim withdrawal liability payments, defendant's counsel noted that the practical impact of the judgment for interim withdrawal liability payments would be bankruptcy of the defendant. Counsel for the Fund indicated at oral argument that, regardless of any bankruptcy issue, the Fund had no interest in negotiating a lower interim payment for purposes of a settlement. In plaintiff's counsel's reply declaration, counsel states that the Fund is in mass withdrawal and not in a financial position to negotiate or reduce the amount of interim relief sought. Even assuming *arguendo* that the financial circumstances of defendant could support an exception to such liability under the equitable powers of the court, *see Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 120 (4th Cir. 1991) ("Generally, courts have allowed an exception to the statutory directive only where an employer makes a facial constitutional attack or shows that irreparable injury will result from being forced to make the interim payments."); *but see Cent. States, Se. & Sw. Areas Pension Fund, v. Wintz Props., Inc.*, 155 F.3d 868, 875 (7th Cir. 1998) ("in all events, federal judges have no equitable power to

4

grants plaintiff's motion for summary judgment on the issue of interim withdrawal liability payments.

### IV. CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's motion with respect to interim liability payments.[3] By July 2, 2012, counsel for plaintiff shall submit a proposed order setting forth the current amount due for interim withdrawal liability payments. With the exception of issuing the Order on the interim withdrawal liability, the case is stayed pending the outcome of the arbitration regarding withdrawal liability.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 19, 2012
       Central Islip, NY

\* \* \*

Plaintiff is represented by Jonathan R. Friedman, UFCW Local 342, 166 E. Jericho Turnpike, Mineola, NY 11501. Defendant is represented by Sharon N. Berlin and Matthew J. Mehnert, Lamb & Barnosky, LLP, 534 Broadhollow Road, Suite 210, Melville, NY 11747.

---

excuse interim payments" (internal quotation marks omitted)), the conclusory affirmation of Mr. Zucker would be insufficient to support such equitable relief in this case.

[3] In a conclusory request in plaintiff's counsel's reply declaration, plaintiff requests attorneys' fees for having to bring the instant motion. This request, brought for the first time in reply, is procedurally deficient. Any request for attorneys' fees must be brought by formal motion.

5